**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **[REDACTED]**, <br><br> PLAINTIFF, <br><br> V. <br><br> THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A, <br><br> DEFENDANTS. | CASE NO.: 1:26-CV-01552 <br><br> **FILED UNDER SEAL** |

# COMPLAINT

Plaintiff, **[REDACTED]** ("**[REDACTED]**" or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships identified on Schedule A (collectively, "Defendants"), and using at least the online marketplace accounts identified therein (collectively, the "Defendant Internet Stores" or "Seller Aliases"), and for its Complaint hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338, and 28 U.S.C. § 1331.

2. This Court has personal jurisdiction over Defendants, in that Defendants conduct business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit, of which Defendants stand accused, were undertaken in Illinois and within this Judicial District.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since Defendants directly target consumers in the United States, including Illinois, through the fully interactive,

1

commercial Defendant Internet Stores. Defendants are committing tortious acts, engaging in interstate commerce, and have wrongfully caused substantial injury in the State of Illinois.

## JOINDER

4. Joinder is proper pursuant to Federal Rule of Civil Procedure 20(a)(2) as Plaintiff's right to relief stems from the same series of transactions or occurrences, and questions of law and/or fact common to all defendants will arise in the action.

5. Plaintiff has filed, as **Exhibit 2** attached hereto, its Schedule A list of Seller Aliases found to be selling infringing products. However, the true identities of the defendants – *i.e.*, the individuals and/or entities operating the Seller Aliases – are not yet known.

6. In Plaintiff's experience, a significant number of Seller Aliases included in the Schedule A are operated by the same individual and/or entity. It is not until the third-party marketplaces produce the registration data for these stores that the Plaintiff will discover the identity or identities of the individuals and/or entities operating the online marketplace accounts under the Seller Aliases.

7. Given the similarities between the Defendant Internet Stores and the likelihood that many, if not all, are operated by the same individual and/or entity, and for purposes of judicial efficiency, Plaintiff asserts that joinder of all defendants is proper at this stage as severing the case would mean that multiple stores with the same operator would be adjudicated piecemeal and/or would need to be re-joined at a later date.

## INTRODUCTION

8. This action has been filed to combat the online copyright infringement activity of Defendants, who trade upon Plaintiff's valuable copyrights by selling and/or offering for sale unauthorized, inauthentic, and infringing products in connection with Plaintiff's federally

registered copyrights, as well as to stop and prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from copyrighted subject matter created by **[REDACTED]**.

9. Plaintiff, **[REDACTED]**, is the owner of multiple copyright registrations, which are attached hereto as **Exhibit 1**, along with a table showing the copyrighted images (hereinafter referred to as "**[REDACTED]**").

10. In an effort to deceptively profit from the **[REDACTED]**, Defendants utilize the Defendant Internet Stores, which are intentionally designed in look, feeling, and suggestion to give the impression to consumers that they are selling genuine products manufactured by or authorized by **[REDACTED]** (the "**[REDACTED]**"), with Defendants' ultimate intention being to deceive unknowing consumers into purchasing unauthorized and infringing **[REDACTED]** (hereinafter referred to as "Infringing Products").

11. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content protected by its valuable **[REDACTED]** and loss of exclusivity over the **[REDACTED]**, among others, as a result of Defendants' actions and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

12. **[REDACTED]**

13. **[REDACTED]**

14. **[REDACTED]** cover multiple photographs of the **[REDACTED]** which are used in the marketing and promotion of **[REDACTED]**.

15. **[REDACTED]** owns the exclusive rights to develop, manufacture, distribute, license, promote, offer for sale and sell the **[REDACTED]** in connection with the **[REDACTED]**.

16. **[REDACTED]**

17. **[REDACTED]** has invested substantial time, energy, money, and resources into promoting **[REDACTED]** featuring **[REDACTED]**. The success of **[REDACTED]** is due primarily to the marketing and promotional efforts of Plaintiff. These efforts include online advertising, promotions with its licensees, and press and media coverage in in several best-selling magazines in the United States. As such, the recognition and goodwill associated with the **[REDACTED]** and the **[REDACTED]** are of incalculable and inestimable value to **[REDACTED]**.

18. **[REDACTED]**

19. **[REDACTED]** has made efforts to protect its interests in and to the **[REDACTED]**. **[REDACTED]** and its licensees are the only businesses and/or individuals authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the **[REDACTED]**.

20. Plaintiff has not licensed or authorized Defendants to use the **[REDACTED]** or as licensees or resellors of **[REDACTED]**.

## THE DEFENDANTS

21. Defendants are individuals and business entities whose true identities are unknown and are often concealed with unverified, incomplete, or false business names, addresses, and contact information. Upon information and belief, all Defendants reside in foreign jurisdictions.

22. Defendants operate fully interactive commercial online marketplace accounts utilizing the following marketplace platforms: Alibaba, AliExpress, Amazon, DHGate, eBay, SHEIN, Temu, and Walmart (collectively referred to herein as "Online Marketplaces").

23. On information and belief, infringers, such as Defendants, operate numerous online marketplace accounts and/or e-commerce stores. As such, it is likely that Defendants may be infringing upon Plaintiff's intellectual property in ways not yet determined.

24. Defendants target the United States, including Illinois, and have offered to sell and on information and belief, have sold and continue to sell Infringing Products to consumers within the United States and this Judicial District.

### THE DEFENDANTS' UNLAWFUL CONDUCT

25. Each Defendant Internet Store is using and/or has used the **[REDACTED]** without authorization to do so, in connection with offering for sale, selling, marketing, and distributing Infringing Products, in direct competition with the Plaintiff. Specifically, the Defendants are displaying the images protected by the **[REDACTED]** on their Infringing Product listings. Below is just one example of such infringement:

| INFRINGING PRODUCT LISTING |
|---|
| [REDACTED] |

26. Defendants' Infringing Products are also intentionally designed to look identical or similar to genuine **[REDACTED]**. Both Plaintiff and Defendants advertise and sell their products using the **[REDACTED]**, in the same area, in the same manner, via the Internet, and during the same timeframe, as the Plaintiff.

27. Defendants' use of the **[REDACTED]** in connection with the Infringing Products, which are identical in appearance to the genuine **[REDACTED]**, but lower in quality and cheaper in price, are drawing would-be consumers of Plaintiff's authentic **[REDACTED]** away from the Plaintiff and to the Defendant Internet Stores.

28. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $509 billion in annual online sales. According to

an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[1] Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

29. As addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above-mentioned digital marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[2]

30. Upon information and belief, Defendants operate in a collective and organized manner, often monitor intellectual property infringement litigation alert websites, utilize online chat platforms and groups, and use these collective efforts in an attempt to avoid liability and intellectual property enforcement efforts.[3]

31. Infringers such as Defendants tend to conceal their identities when registering their Defendant Internet Stores by: (1) using fictitious names and addresses which are incomplete, contain randomly typed letters, or fail to include cities and other relevant information; (2) using privacy services that conceal the owners' identity and contact information; and (3) creating multiple online marketplace accounts on various platforms using the Seller Aliases as well as other

---

[1] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).
[2] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), https://www.nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at https://www.dhs.gov/sites/default/ files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.
[3] For this reason, Plaintiff is concurrently filing a Motion For Leave to File Certain Documents Under Seal and Temporarily Proceed Under A Pseudonym.

unknown fictitious names and addresses. This is done with the intention of concealing their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

32. Further, illegal operators, like Defendants, typically operate multiple payment processor and merchant accounts through various third-parties (the "Payment Processors"), and hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts.

33. Defendants, without any authorization or license, have knowingly and willfully infringed the **[REDACTED]** in connection with the advertisement, distribution, offering for sale, and sale of illegal, and infringing products into the United States and Illinois.

34. In committing these acts, Defendants have, among other things, willfully and in bad faith, committed the following, all of which have and will continue to cause irreparable harm to **[REDACTED]**: infringed upon and copied the **[REDACTED]**; created, manufactured, sold, and/or offered to sell Infringing Products; and unfairly and unjustly profited from such activities at the expense of Plaintiff.

35. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

36. Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-35, as if fully set forth herein.

37. The **[REDACTED]** are the subject of multiple valid copyright registrations.

38. Plaintiff, at all times, has been the holder of the copyright registrations and the exclusive rights of and belonging to **[REDACTED]**, including but not limited to the **[REDACTED]**.

7

39. Upon information and belief, Defendants had access to the copyrighted work through Plaintiff's normal business activities.

40. After accessing Plaintiff's work, Defendants wrongfully created copies of the copyrighted work without Plaintiff's consent, and engaged in, and continue to engage in acts of widespread infringement.

41. Defendants, without the permission or consent of the Plaintiff, have sold, and continue to sell Infringing Products by using **[REDACTED]**. Defendants have violated Plaintiff's exclusive rights of reproduction and distribution.

42. Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §501 *et seq*.).

43. Further, as a direct result of the Defendants' acts of copyright infringement, Defendants have obtained profits they would not have otherwise realized but for their infringement of **[REDACTED]**. **[REDACTED]** is entitled to disgorgement of Defendants' profits, directly and indirectly, attributable to said infringement.

44. As a result of Defendants' infringement of Plaintiff's exclusive rights under U.S. Copyright Law, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504.

45. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily.

46. Plaintiff has no adequate remedy at law. As such, pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing **[REDACTED]**, and ordering that each Defendant destroy all unauthorized and/or infringing copies and reproductions of Plaintiff's Copyrighted works.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendants, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.    using the **[REDACTED]** or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized **[REDACTED]** Product, or is not authorized by Plaintiff to be sold in connection with the **[REDACTED]**;

    b.    passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the **[REDACTED]**;

    c.    shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear the **[REDACTED]**, or which are derived from the **[REDACTED]**; and,

    d.    further infringing the **[REDACTED]** and damaging Plaintiff's goodwill.

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Online Marketplaces and Payment Processors, and any related entities, shall:

    a.    disable and cease providing services for any listings through which Defendants engage in the sale of products not authorized by Plaintiff which bear the **[REDACTED]**;

    b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which bear the **[REDACTED]**; and,

    c.  take all steps necessary to prevent links to the infringing product listings from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

  3) That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

  4) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered Copyrights pursuant to 17 U.S.C. §501; and, b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

  5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages pursuant to 17 U.S.C. §504, at the election of Plaintiff;

  6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

  7) Any and all other relief that this Court deems just and proper.

DATED: February 11, 2026       Respectfully submitted,

                 */s/ Alison K. Carter*
                 Ann Marie Sullivan
                 Alison K. Carter
                 Gouthami V. Tufts
                 **SULLIVAN & CARTER, LLP**
                 111 W. Jackson Blvd., Ste. 1700
                 Chicago, Illinois 60604
                 929-724-7529
                 a.carter@scip.law

                 ***ATTORNEYS FOR PLAINTIFF***